IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES BAILEY,

    Plaintiff,

v.                                            Case No. 4:22-cv-169-AW-MAF

DR. LUIS A. LOPEZ-RIVERA,
CENTURION, LLC, and the FLORIDA
DEPARTMENT OF CORRECTIONS,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART**

Plaintiff James Bailey, a pro se inmate proceeding IFP, sued three defendants: the Florida Department of Corrections, prison healthcare contractor Centurion LLC, and prison physician Dr. Luis Lopez-Rivera.[1] There are two motions to dismiss pending. The magistrate judge issued a report and recommendation concluding that the motions should be granted in part. ECF No. 57. There has been no objection to the report and recommendation. I now adopt the report and recommendation in part.

According to his complaint, Bailey had severe back pain, saw prison medical providers multiple times, but got no meaningful relief. He brings Eighth Amendment deliberate indifference claims, a state-law medical malpractice claim, and a

---

[1] As the magistrate judge's report and recommendation notes, Dr. Lopez-Rivera's response uses a different spelling (Riveria). For this order, I will use the spelling in the complaint and the report and recommendation.

1

retaliation claim. (The latter two are not explicitly alleged in the complaint, but as the magistrate judge concludes, read charitably, the complaint includes a malpractice claim and First Amendment retaliation claim against Dr. Lopez-Rivera.)

First, the claims against the Department of Corrections will be dismissed based on Eleventh Amendment immunity. The Department of Corrections is an arm of the state, and as such, has Eleventh Amendment immunity. *See Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (noting that court's obligation to dismiss prisoner claims that "seek[] monetary relief against a defendant who is immune from such relief").

Second, the state-law medical-malpractice claims are dismissed for failure to comply with presuit requirements.

Third, the First Amendment retaliation claim against Lopez-Rivera, which the motion to dismiss does not address, is not dismissed.

Fourth, the § 1983 claim against Centurion is dismissed for failure to allege a policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). As the magistrate judge explains, Bailey cannot pursue a § 1983 claim based on an employer's vicarious liability, and he has not alleged facts to support anything more than this.

Finally, the § 1983 deliberate indifference claim against Lopez-Rivera is dismissed. I disagree with the magistrate judge's conclusion in this regard.

Specifically, I conclude that Bailey has not alleged facts that would support deliberate indifference. He has, to be sure, alleged facts that the care he received was insufficient or inadequate. But he has not alleged facts to meet the necessary standard. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Throughout his complaint, he alleges that he received care, including x-rays, pain medication, and other care. Accepting as true that this was not all that he needed—and that ultimately professionals missed the real cause of his harm, resulting in long-term damage—that is not enough to show an Eighth Amendment violation. *Id*. at 105 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

The report and recommendation (ECF No. 57) is adopted and incorporated into this order except for Section IV, which addresses the § 1983 Eighth Amendment claim against Lopez-Rivera.

The motion to dismiss filed by Centurion and the Department of Corrections (ECF No. 40) is GRANTED. Claims against Centurion are dismissed for failure to state a claim. Claims against the Department of Corrections are dismissed based on Eleventh Amendment immunity.

Lopez-Rivera's motion to dismiss (ECF No. 42) is GRANTED in part. The state-law medical-malpractice claim is dismissed for failure to comply with presuit requirements. The § 1983 Eighth Amendment claim is dismissed for failure to state a claim. The motion to dismiss is otherwise denied, and the § 1983 First Amendment retaliation claim is not dismissed.

The magistrate judge will conduct further appropriate proceedings. This order expresses no view on whether the magistrate judge should allow leave to amend if Baily seeks such leave.

SO ORDERED on December 12, 2023.

                                            s/ *Allen Winsor*
                                            United States District Judge