# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES BAILEY,**
**D.O.C. # Q13954,**

    Plaintiff,

vs.                                     Case No. 4:22cv169-AW-MAF

**DR. LUIS A. LOPEZ-RIVERA,**

    Defendant.

_____/

## SECOND REPORT AND RECOMMENDATION

The pro se Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, against three Defendants. Motions to dismiss were filed by Defendants Centurion and the Department of Corrections, ECF No. 40, and Defendant Luis A. Lopez-Rivera, ECF No. 42. In September 2023, a Report and Recommendation was entered, ECF No. 57, which recommended the motions be granted in part and denied in part. In December, an Order was entered by United States District Judge Allen Winsor, ECF No. 63, adopting the recommendation only in part, and remanding the case. ECF No. 63. Pursuant to Judge Winsor's Order, the

Department of Corrections was dismissed based on Eleventh Amendment immunity and the claims against Centurion were "dismissed for failure to state a claim." *Id.* at 3. Only the First Amendment claim brought against Defendant Lopez-Rivera remained. *Id.* Judge Winsor remanded the case for further proceedings and, in doing so, "expresse[d] no view on whether the magistrate judge should allow leave to amend if" Plaintiff sought to do so. *Id.* at 4. Subsequently, Defendant Lopez-Rivera filed an answer, ECF No. 65, and an Initial Scheduling Order, ECF No. 67, was entered.

    Plaintiff has now filed a motion for leave to file an amended complaint. ECF No. 68. Plaintiff submitted the proposed amended complaint, ECF No. 69, simultaneously with the motion as required by Local Rule 15.1. The proposed amended complaint once again asserts a claim against Centurion and, this time, a claim against Florida Department of Corrections Secretary Ricky Dixon. ECF No. 69. The claim is brought against the Secretary in both his individual and official capacities. *Id.* at 3. The allegations against those Defendants have been reviewed and, because ruling is clear, the motion has been addressed without awaiting a response from the dismissed Defendants.

**Standard of Review**

Rule 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires." F<small>ED</small>. R. C<small>IV</small>. P. 15(a). Plaintiff has not shown that the Defendants consent to the relief requested. Thus, for Plaintiff to proceed with the amended complaint, Court approval is required.

While Rule 15(a) generally "restricts the district court's freedom," the Eleventh Circuit has held:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). If "underlying facts or circumstances" provide a proper and viable basis for relief, then leave to amend "should be freely given." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Futility of amendment is sufficient cause under Rule 15 to deny permission to amend. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004). Therefore, if an amended complaint still fails to state a viable

claim, then the amendment is futile and it is not an abuse of discretion to deny the motion to amend.  Mitchell v. Thompson, 564 F. App'x 452, 456 (11th Cir. 2014).

**Analysis**

Plaintiff has attempted to avoid dismissal of his claim against the Florida Department of Corrections by naming Secretary Ricky Dixon instead.  ECF No. 69.  However, Secretary Dixon is sued in his individual and official capacities, and Plaintiff seeks nominal, compensatory, and punitive damages from this Defendant.  Id. at 3, 26.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (quotation omitted).  In other words, a plaintiff in an action against a government official in his personal capacity could recover only against the official's personal assets and the assets of the governmental entity are not accessible.  However, the reverse is true in an official capacity lawsuit - monetary damages would be paid by the governmental entity which, in this case, is the State of Florida.

The law is well settled that, absent several limited exceptions not applicable here, the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state, its agencies, or against an officer of the state who is sued in his official capacity.  Edelman v. Jordan, 415 U.S. 651 (1974) (cited in Jimenez v. Sec'y, Dep't of Corr., No. 8:22-CV-1789-WFJ-JSS, 2022 WL 3357586, at *2 (M.D. Fla. Aug. 15, 2022) (other citations omitted).  Thus, Plaintiff's official capacity claim for money damages against the Secretary is barred by the and the proposed amended complaint is insufficient to proceed.  *See* Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (finding the Secretary of the Florida Department of Corrections immune from suit in his official capacity) (cited in Jones v. DeLoach, No. 3:22-CV-384-BJD-JBT, 2023 WL 3645600, at *3 (M.D. Fla. May 25, 2023)).

Although Plaintiff also seeks declaratory relief from the Secretary, that claim is barred by the Eleventh Amendment which prohibits "such backward-looking relief."  Peterka v. Dixon, No. 4:23cv55-MW/-MAF, 2023 WL 7182114, at *3 (N.D. Fla. Nov. 1, 2023) (citing Jones v. Buckner, 963 F. Supp. 2d 1267, 1283 (N.D. Ala. 2013) ("Although *Ex parte Young* allows declaratory relief, it does not apply when the declaratory relief pertains only

to past violations of federal law") (citing Green v. Mansour, 474 U.S. 64, 73 (1985))).  Here, Plaintiff's factual allegations detail events from 2016 through 2019.  ECF No. 69 at 5-16.  There are no allegations of ongoing, continuing constitutional violations or future harm.  Accordingly, Plaintiff's request for a declaratory judgment against the Secretary in his official capacity cannot be sustained.

Moreover, Plaintiff's individual capacity claim against the Secretary fails to state a claim because there are no facts showing any personal involvement of the Secretary.  The only basis for Plaintiff's claim against Secretary Dixon pertains to an alleged D.O.C. policy that restricts "pain medication to 30 pills every 90 days."  ECF No. 69 at 15.  Because Dixon was not personally involved in providing or denying medical care to Plaintiff, and Plaintiff provides no other facts which describe actions by Secretary Dixon, the individual capacity claim is also insufficient.

Plaintiff's claim against Centurion is premised on the conclusory assertion that Centurion allows "its staff to have a custom" of neglecting and ignoring the serious medical issues of inmates.  ECF No. 69 at 24.  Plaintiff further contends that Centurion "allowed Dr. Lopez to create a

policy to use lack of treatment as a retaliation" and transferred "final policy making authority to Dr. Lopez." *Id.* at 25.

Those contentions are not supported by factual allegations. The allegations of the proposed amended complaint describe Plaintiff's interactions with various medical personnel, but the allegations do not identify any specific policy of Centurion that allows neglect or ignoring inmates. Further, although Plaintiff alleged that Defendant Lopez "ignored" his complaints, *see* ECF No. 69 at 7, Plaintiff did not allege that any other medical providers ignored or neglected him. Plaintiff's complaint did not allege that the nurses should have done more, or that they could have. For example, nurses who saw Plaintiff at sick call scheduled him to see the doctor, but a nurse cannot legally prescribe pain medications. The proposed amended complaint does not provide allegations to support his conclusory assertions of Centurion policies which caused him harm.

Instead, it appears that Plaintiff seeks to hold Centurion liable for the actions of its employees and staff. Such a claim is insufficient as a matter of law because a healthcare provider's liability cannot be based on "a theory of respondeat superior or vicarious liability alone." <u>Est. of Hand by & through Hand v. Fla. Dep't of Corr.</u>, No. 21-11542, 2023 WL 119426, at

*6 (11th Cir. Jan. 6, 2023) (citing Hartley ex rel. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  "[L]iability against Centurion must be conditioned on the existence of an official policy or custom that constitutes deliberate indifference."  2023 WL 119426, at *6 (citing to Buckner v. Toro, 116 F.3d 450, 453 (11th Cir. 1997) (stating "the Monell policy or custom requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates.").  Because Plaintiff has not pointed to such a custom or policy, the claim against Centurion cannot proceed.

Plaintiff's motion for leave to file an amended complaint, ECF No. 68, should be denied because the proposed amended complaint still fails to state viable claims against Defendants Centurion and Dixon.  This case should continue with Plaintiff's complaint, ECF No. 1, as the operative pleading, and the only remaining claim is the First Amendment claim brought against Defendant Lopez-Rivera.  *See* ECF No. 63.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to file an amended complaint, ECF No. 68, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 10, 2024.


  S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**